UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA OLIN MADSON,<br><br>                    Plaintiff,<br><br>    -against-<br><br>GREGORY C. CASE,<br><br>                    Defendant. | 23-CV-4873 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, arising out of his employment with Aon, in Chicago, Illinois. He names as the Defendant, Gregory Case, stating that Case resides at "The Aon Center – The Leadenhall Building 122 Leadenhall Street," in London, England. Plaintiff also states that his employer, Aon, is located in Chicago Illinois. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Illinois.

## DISCUSSION

Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). With respect to claims brought under 42 U.S.C. § 1981, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Venue for this action under Title VII and Section 1981 is not proper in this District. Plaintiff alleges he was employed at Aon's Chicago office, which is located with the Northern District of Illinois. Thus, venue for Plaintiff's Title VII claims must be brought in the Northern District of Illinois.[1] With respect to Plaintiff's Section 1981 claims, because he alleges that the events giving rise to these claims occurred at the Chicago office, venue is proper under Section 1391(b)(2) in the Northern District of Illinois.[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Chicago, Illinois, which is in the Northern District of Illinois. Accordingly, venue lies in the Northern District of Illinois, *see* 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. § 1391(b)(2), and in the interest of justice, the

---

[1] The Court notes that the proper defendant in a Title VII action is the employer, not individuals. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). In Plaintiff's pending case, unrelated to this action, the Court noted in its June 12, 2023, order, that Plaintiff must bring his Title VII claims against his employer, not individual defendants. *See Madson v. Fato*, ECF 1:23-CV-1482, 6. In that same order, the Court had granted Plaintiff leave to amend his complaint; on June 22, 2023, Plaintiff filed a notice of interlocutory appeal. *See id.* (Doc No. 7).

[2] As Case presumably resides in London, and does not reside within a district in the United States, Section 1391(b)(1) does not appear to apply to this case.

Court transfers this action to the United States District Court for the Northern District of Illinois, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Illinois. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge